NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CYCLE CHEM, INC. and CLEAN VENTURE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BRADLEY M. CAMPBELL, former Commissioner, New Jersey Department of Environmental Protection <br><br> Defendant. | **Civil Action No. 07-5575 (SRC)** <br><br> **OPINION** |

**CHESLER**, District Judge

      This matter comes before the Court upon two motions filed by Plaintiffs Cycle Chem, Inc. and Clean Venture, Inc. (hereinafter, collectively "Plaintiffs"): a motion for reconsideration of this Court's September 4, 2008 Order granting Defendant's motion to dismiss the First Amended Complaint [docket item no. 30] and a motion for leave to file a Second Amended Complaint [docket item no. 37]. Defendant Bradley M. Campbell, the former Commissioner of the New Jersey Department of Environmental Protection ("DEP"), has opposed the motions. The Court has considered the papers filed by the parties and chooses to rule on the motions based on the written submissions, and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court denies both of Plaintiffs' motions. Accordingly, this case will be closed.

I.  **BACKGROUND**

This action arose out of an attempted inspection by the DEP, on December 5 and December 31, 2001, of the premises of the plaintiff companies, related entities engaged in the business of generating, transporting and storing hazardous waste.  Plaintiffs' failure to provide certain requested documents and to allow inspection of oil drums resulted in a notice of violation that imposed penalties on each of the companies.  Plaintiffs contested the penalties, which were upheld in modified amounts by the DEP Commissioner following an administrative hearing.  Plaintiffs then appealed the administrative determination.  The Appellate Division of the Superior Court of New Jersey affirmed the Commissioner, issuing an opinion dated July 21, 2005.  Plaintiffs' petition for certification to the Supreme Court of New Jersey was denied.

Plaintiffs then filed this action in federal court, alleging that the imposition of the penalties violated their constitutional right of due process and right to be free from unreasonable searches and seizures.  Defendant moved to dismiss Plaintiffs' First Amended Complaint.  For reasons more fully articulated on the record of oral argument held on August 27, 2008, the Court granted the motion to dismiss, finding that federal subject matter jurisdiction was lacking pursuant to the Rooker-Feldman doctrine.  The Court also adjudicated Plaintiffs' cross-motion for leave to file a Second Amended Complaint, denying the motion based on the amended pleading's identical deficiency with regard to subject matter jurisdiction.  The Court, however, granted Plaintiffs an opportunity to file a renewed motion for leave to file a second amended complaint that was not based on the same alleged wrongdoing at issue in the First Amended Complaint, review of which was barred by Rooker-Feldman doctrine.

The Court entered an Order on September 4, 2008 memorializing these rulings.  Plaintiffs

2

filed the instant motion for reconsideration within the time provided by Local Civil Rule 7.1(i). They have also filed a motion seeking leave to file a Second Amended Complaint and have submitted a copy of the proposed pleading to the Court for its consideration.

**II.  DISCUSSION**

    **A.  <u>Motion for Reconsideration</u>**

Local Civil Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision.  See <u>Bryan v. Shah</u>, 351 F.Supp.2d 295, 297 (D.N.J. 2005); <u>Bowers v. Nat'l Collegiate Athletic Assoc.</u>, 130 F.Supp.2d 610, 612 (D.N.J. 2001).  Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the court before rendering its decision.  See <u>Bermingham v. Sony Corp. of Am., Inc.</u>, 820 F.Supp. 834, 856 (D.N.J. 1992), <u>aff'd</u>, 37 F.3d 1485 (3d Cir. 1994); <u>Carteret Sav. Bank, F.A. v. Shushan</u>, 721 F.Supp. 705, 709 (D.N.J. 1989).  Our jurisprudence directs that a motion under Rule 7.1(i) may be granted only if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice."  <u>Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp.</u>, 825 F.Supp. 1216, 1220 (D.N.J. 1993); <u>North River Ins. Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir 1995).

    Plaintiffs have failed to satisfy any of the three grounds upon which a motion for reconsideration may be granted.  Their motion would appear to be based on the premise that the Court committed a clear error of law in finding this action barred by the <u>Rooker-Feldman</u>

doctrine. Plaintiffs maintain that the doctrine does not apply because the injury of which they complain in this lawsuit, the DEP's imposition of penalties based on Plaintiffs' non-compliance with the attempted inspection, is separate and independent from the state court ruling upholding the penalties. In other words, according to Plaintiffs, Rooker-Feldman is inapplicable because the injury at issue - the DEP's unconstitutional imposition of penalties on Plaintiffs - was not caused by the Appellate Division's judgment. See Exxon Mobil v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (holding that Rooker-Feldman doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

The Court, having considered Exxon-Mobil and Plaintiffs' arguments based on that case, found in adjudicating the motion to dismiss that the claims pled in the First Amended Complaint were "inextricably intertwined" with the Appellate Division's adjudication, "meaning that federal relief can only be predicated upon a conviction that the state court was wrong." Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003). The Third Circuit has held that "if a plaintiff's claim in federal court is inextricably intertwined with a previous state court adjudication, the district court lacks jurisdiction over the claim even if it was not raised in the state court." Taliaferro v. Darby Township Zoning Bd., 458 F.3d 181, 192-93 (3d Cir. 2006) (citing Exxon-Mobil, 544 U.S. at 327). The Court is mindful of the Supreme Court's clarified interpretation, in Exxon-Mobil, of the limited scope of the Rooker-Feldman doctrine. The doctrine, however, squarely applies to the instant matter, for finding in Plaintiffs' favor on their civil rights claims necessarily entails a finding that the Appellate Division's affirmance of the

4

DEP penalties was erroneous.

Plaintiffs' argument in support of this motion for reconsideration relies on Turner v. Crawford Square Apartments III, a Third Circuit decision applying the Rooker-Feldman doctrine as articulated in Exxon-Mobil. Turner v. Crawford Square Apartments III, 449 F.3d 542 (3d Cir. 2006). In Turner, the tenant plaintiff initiated a federal suit against her landlord claiming violation of her rights under the Fair Housing Act, for failure to make accommodations for her and to accept section 8 rent vouchers based on her disability. Id. at 546. Prior to the initiation of the federal suit, the state court had found against the tenant in the landlord's eviction proceedings, in which the tenant had brought various counterclaims not based on the Fair Housing Act. Id. at 545. The Third Circuit found that the district court had erred in holding that Rooker-Feldman deprived it of subject matter jurisdiction because the injury the plaintiff tenant sought to remedy via the Fair Housing Act claims were "not caused by the state-court judgment but instead attributable to defendants' alleged FHA violations that preceded the state-court judgment." Id. at 547.

Turner is distinguishable from the case at bar. There, the state adjudication ordered the plaintiff evicted from her residence, presenting a separate matter from the claims presented in the federal action, specifically, whether the landlord had breached duties owed under the Fair Housing Act. While the Turner state and federal claims overlapped in that they were based on the same operative facts, the Fair Housing Act violations of which the plaintiff complained in the federal suit did not exist or persist because of the state court judgment. By contrast, in this case, the state court specifically upheld the penalty imposed by the DEP. The lawfulness of this penalty is at the core of Plaintiffs' § 1983 claims in this lawsuit. The penalty remains viable and

5

in effect because of the New Jersey Appellate Division's order rejecting Plaintiffs' challenge to the penalty and the state Supreme Court's denial of Plaintiffs' application for review of that order by certification.  The Court is thus presented with a case in which Plaintiffs' complained-of injury, though originating in the initial imposition of a penalty by the DEP, was caused by a state court judgment.  Adjudication of the civil rights claims Plaintiffs asserted in this federal action would necessarily involve review by this Court of the state Appellate Division's judgment, an exercise clearly proscribed by 28 U.S.C. § 1257 and Rooker-Feldman.  See Bonham v. Givens, 197 F. App'x 148, 150 (3d Cir. 2006) (finding district court properly held plaintiff's claims barred by Rooker-Feldman because, in contrast to Turner, his civil rights claims alleging due process and Fourth Amendment violations, "effectively alleged injuries caused by state-court judgments authorizing the continuation of his involuntary commitment, which invited district court review and rejection of those judgments.").

     Plaintiffs have not persuaded the Court that reconsideration is necessary to correct a clear error of law or to prevent manifest injustice.  Neither of the other grounds for reconsideration have been demonstrated.  Plaintiffs' mere disagreement with the Court's decision does not warrant the extraordinary remedy of reconsideration.  See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996); G-69 v. Degnan, 748 F.Supp. 274, 275 (D.N.J.1990).

     Accordingly, Plaintiffs' motion for reconsideration will be denied.

### B.     Motion for Leave To File Second Amended Complaint

Federal Rule of Civil Procedure 15(a) governs motions for leave to amend pleadings. It directs that leave to amend a pleading "shall be freely given when justice so requires." Leave may be denied, however, based on various grounds, including but are not limited to undue delay, bad faith, undue prejudice, and futility of the proposed amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Lit., 114 F.3d 1410, 1434 (3d Cir. 1997) (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)).

The Court will deny Plaintiffs' motion for leave to amend based on futility. The proposed Second Amended Complaint submitted by Plaintiffs in support of their motion asserts only one claim - for prospective injunctive relief under § 1983 against Lisa P. Jackson, the state DEP Commissioner, in her official capacity. Plaintiffs seek to bar warrantless administrative searches conducted by the DEP pursuant to N.J.S.A. 13:1D-9(d) as unreasonable under the Fourth Amendment. The proposed Second Amended Complaint asserts as Plaintiffs' injury that

> from on or about 1994 through 2005 and continuing thereafter, defendant Jackson and her predecessors have attempted to apply to defendants N.J.S.A. 13:1D-9(d), in a continuing violation of the Fourth Amendment as incorporated into the due process clause of the Fourteenth Amendment.

(Proposed Second Am. Compl., ¶ 7.) The pleading further alleges that DEP inspectors carried at such times a placard advising of their authority to conduct regulatory inspections pursuant to N.J.S.A. 13:1D-9. (Id. at ¶ 8.) No more specific information is provided about the alleged ongoing unconstitutional searches over an 11-year period. Only one offending incident - dating

back to 1994 - is identified.

The proposed Second Amended Complaint is futile because it fails to satisfy Federal Rule of Civil Procedure 8's notice pleading requirement. Rule 8 requires that a complaint contain a short and plain statement setting forth: (1) the grounds for which the court's jurisdiction depends, (2) the claim showing the pleader's entitlement of relief, (3) a demand for judgement for the relief sought by the pleader. Fed.R.Civ.P. 8(a). A complaint must provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Leatherman v. Tarrant County Narcotics Intel. and Coord. Unit, 507 U.S. 163, 168 (1993). A "complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." Purveegiin v. York County Prison, No. 06-0524 2007 U.S. Dist. LEXIS 6409, at *7 (M.D.Pa. Jan. 30, 2007). The Supreme Court has clarified what is required for a complaint to state a legally sufficient claim. It held, in Bell Atlantic Corp. v. Twombly, that while a complaint need not recite detailed factual allegations, it must contain enough factual allegations "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). The proposed Second Amended Complaint's reference to a general ongoing course of conduct by the DEP, which allegedly violates Plaintiffs' Fourth Amendment rights, fails to set forth sufficient factual information to provide notice of the grounds of the purported § 1983 claim. Noticeably missing from the proposed amended pleading are any of the facts giving rise to the injury for which Plaintiffs demand injunctive relief.

The only specific offending conduct alleged by Plaintiffs in the proposed Second Amended Complaint involves an inspection conducted in April 1994. The pleading states:

> 9. Such an inspection was conducted on premises owned by plaintiffs by employees of the Department of Environmental Protection in April, 1994 after armed officers of the Department exhibited hand cuffs [sic] and threatened to immediately arrest any employee of either Clean Venture or Cycle Chem who failed to grant them immediate admittance to the Clean Venture premises.
>
> 10. The then Commissioner of the Department of Environmental Protection imposed a Civil Administrative penalty of $8,000 against Clean venture [sic] and $42,000 against Cycle Chem arising out of such April, 1994 incident.

(Proposed Second Am. Compl., ¶¶ 9-10.)   The injury underlying the April 1994 incident cannot, however, support a cognizable § 1983 claim.  Such a claim would be time-barred, even under the relation-back principles of Federal Rule of Civil Procedure 15(c).  This action was filed on November 20, 2007, well after the expiration of the two-year limitations period applicable to Plaintiffs' proposed § 1983 claim based on the 1994 inspection.  Cito v. Bridgewater Township Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989); N.J.S.A. 2A:14-2.

### III.   CONCLUSION

For the foregoing reasons, the Court denies Plaintiffs' motion for reconsideration and their motion for leave to file a Second Amended Complaint.  An appropriate form of Order will be filed together with this Opinion.

    s/ Stanley R. Chesler
    STANLEY R. CHESLER
    United States District Judge

DATED: January 6, 2009